UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG ANDERSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, and DOES 1-20, Inclusive,<br><br>Defendant. | Case No. 2:14-cv-9728 FMO (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO STIPULATION OF THE PARTIES**<br><br>Judge Fernando M. Olguin |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on March 30, 2015, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraph 13 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential or other designation(s) used by the parties, does

1  not, in and of itself, create any entitlement to file such information, document, or
2  thing, in whole or in part, under seal. Accordingly, reference to this Protective
3  Order or to the parties' designation of any information, document, or thing as
4  Confidential or other designation(s) used by the parties, is wholly insufficient to
5  warrant a filing under seal.

6  There is a strong presumption that the public has a right of access to judicial
7  proceedings and records in civil cases. In connection with non-dispositive motions,
8  good cause must be shown to support a filing under seal. The parties' mere
9  designation of any information, document, or thing as Confidential or other
10 designation(s) used by parties, does not -- **without the submission of competent**
11 **evidence, in the form of a declaration or declarations, establishing that the**
12 **material sought to be filed under seal qualifies as confidential, privileged, or**
13 **otherwise protectable** -- constitute good cause.

14 Further, if sealing is requested in connection with a dispositive motion or
15 trial, then compelling reasons, as opposed to good cause, for the sealing must be
16 shown, and the relief sought shall be narrowly tailored to serve the specific interest
17 to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th
18 Cir. 2010). For each item or type of information, document, or thing sought to be
19 filed or introduced under seal in connection with a dispositive motion or trial, the
20 party seeking protection must articulate compelling reasons, supported by specific
21 facts and legal justification, for the requested sealing order. **Again, competent**
22 **evidence supporting the application to file documents under seal must be**
23 **provided by declaration.**

24 Any document that is not confidential, privileged, or otherwise protectable in
25 its entirety will not be filed under seal if the confidential portions can be redacted.
26 If documents can be redacted, then a redacted version for public viewing, omitting
27 only the confidential, privileged, or otherwise protectable portions of the document,
28

shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE FERNANDO M. OLGUIN, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

<u>AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT</u>[1]

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials that the parties and third-parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED THAT**:

1. Documents designated as "Confidential" (hereinafter "Protected Information"), and produced by parties to this action, are subject to this Protective Order.

2. "Confidential" documents shall be defined as documents the designating party would be entitled to have protected from public disclosure by Court order under Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law. Such documents may include, for example, those containing sensitive personal information, including, but not limited to, social security numbers, credit scores, credit reports, credit monitoring information, credit reporting information, dates of birth, personnel records with personal identifying information, or proprietary business or trade secret information.

4. Protected Information shall be used solely in connection with the civil case of *Anderson v. Bank of America, et al.*, Case No. 2:14-cv-9728 FMO (MANx), and in the preparation for the trial of this case or any related proceeding.

5. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential." If any Protected Information cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is marked with the appropriate designation in a manner agreed upon by the disclosing and requesting parties.

6. Protected Information designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a) Counsel for the parties;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c) The Court and its personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d) Any expert or consultant retained in connection with this action;

e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and

f) The parties, to the extent reasonably necessary to assist their counsel in this litigation or for their counsel to advise them with respect to the litigation.

8. All Protected Information filed with the Court by the non-producing party for any purpose shall be sought to be filed under seal in accordance with Local Rule 79-5.

9. The designation of information as Protected Information, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

10. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. The signatories to this Protective Order will treat such information as Protected Information to the same extent as if it had been produced by a party.

11. A party may apply to the Court for an order that information designated as Protected Information pursuant to this Protective Order is not, in fact, "Confidential." Prior to so applying, the party seeking to reclassify Protected

Information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the Protected Information in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

12. Each person to whom disclosure is made, with the exception of the Court, court personnel, counsel, and counsel's paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure: be provided by the person furnishing him or her such material, with a copy of this Protective Order; agree on the record or in writing that he/she has read the Protective Order and he/she understands and will comply with the provisions of the Protective Order; and consent to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further Court order.

13. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing Protected Information will remain confidential and subject to this Protective Order. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal, and/or retrial. After the conclusion of this litigation, all Protected Information received under the provisions of this Protective Order, including copies made, shall be destroyed, or tendered back to the attorneys for the party or parties producing the documents. The parties will also take all reasonable and necessary steps to ensure that persons to whom they disclose another party's Protected Information destroy or

return the Protected Information to the producing party.  **This paragraph does not apply to the Court and its personnel.**

**IT IS SO ORDERED.**

Dated:  April 27, 2015

_____*Margaret A. Nagle*_____
MARGARET A. NAGLE
United States Magistrate Judge